# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHAZ O. GULLEY, | : | |
|     Plaintiff, | : | No. 3:19-cv-310 (SRU) |
| | : | |
| v. | : | |
| | : | |
| LIZON, et al., | : | |
|     Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER

Chaz O. Gulley ("Gulley"), currently confined at Northern Correctional Institution in Somers, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 alleging that certain defendants used excessive force and other defendants were deliberately indifferent to his injuries. He names eight defendants: Captain Lizon, Lieutenant Blackstock, Correctional Officers Caron, Titus, and Severance, Nurses Ellen Durko and Victoria Scruggs, and D.H.O. Lieutenant Nicole Prior. Gulley seeks damages from the defendants in their individual capacities. Gulley's complaint was received on March 4, 2019, and his motion to proceed *in forma pauperis* was granted on March 6, 2019.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief.

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I. <u>Allegations</u>

On April 16, 2018, Gulley was found guilty at a disciplinary hearing of assault on a correctional employee. As a result of the guilty finding, Gulley was returned to Phase One of the Security Risk Group ("SRG") Program. ECF No. 1, ¶ 7. Gulley believed that Hearing Officer Nicole Prior had been pressured to find him guilty and covered his cell door window in protest. *Id*., ¶¶ 8-9.

Lieutenant Blackstock deployed a chemical agent to get Gulley to remove the covering. *Id.*, ¶ 10. Lieutenant Blackstock then ordered Gulley placed on in-cell restraints. *Id.*, ¶ 11. Fifteen minutes later, Gulley covered the cell door window with his mattress in protest over the in-cell restraints. *Id.*, ¶ 12. Captain Lizon supervised officers Caron, Titus and Severance in a use of excessive force that left Gulley injured. *Id.*, ¶ 13.

Gulley was experiencing severe pain. When Nurse Durko came to check Gulley's injuries, Lieutenant Blackstock claimed that Gulley was being defiant. *Id.*, ¶ 14. Nurse Durko finally ignored Gulley's complaints of pain and left with the officers. *Id.*, ¶ 15.

On April 18, 2018, when the in-cell restraints were removed, Gulley's ankles and wrists were swollen and bruised. Gulley complained of pain to Nurse Scruggs. *Id.*, ¶ 16. Nurse Scruggs noted in Gulley's medical chart that she saw no injuries. She did note Gulley's complaints of pain. *Id.,* ¶ 17. Gulley believes that Nurse Scruggs deliberately fabricated her report. *Id.*, ¶ 18. The use of force caused Gulley to experience pain, swelling, and limping. The incident has caused him to suffer fear, anxiety, humiliation and emotional distress. *Id.*, ¶ 19.

II. Analysis

Gulley asserts claims for use of excessive force against defendants Blackstock, Lizon, Caron, Titus, and Severance and deliberate indifference to serious medical needs against defendants Durko and Scruggs.

    A. Use of Excessive Force

Gulley describes two incidents that involve the use of force. First, he alleges that Lieutenant Blackstock ordered placement in in-cell restraints. Second, Gulley alleges that Captain Lizon and Officers Caron, Titus and Severance used excessive force when responding to Gully covering the cell door window with his mattress.

To state a claim for use of excessive force in violation of the Eighth Amendment, Gulley must allege facts establishing objective and subjective components. *See Sims v. Artuz*, 230 F.3d 14, 20-21 (2d Cir. 2000). The objective component focuses on the harm done to the prisoner in light of contemporary standards of decency. The amount of harm required depends on the nature of the claim. *Id.* at 21. Although some degree of injury is usually required, the prisoner need not show that he suffered a significant injury to state a claim for use of excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) ("[T]he use of excessive physical force against a prisoner may

3

constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992)). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Id.* at 37 (quoting *Hudson*, 503 U.S. at 9). The subjective component of the excessive force standard requires a showing that the use of force was "carried out 'maliciously and sadistically' rather than as part of 'a good faith effort to maintain or restore discipline.'" *Id.* at 40 (quoting *Hudson*, 503 U.S. at 9).

The extent of the inmate's injuries is one factor I may use to determine whether correctional staff could "plausibly" have considered the force necessary in a particular situation. *Hudson*, 503 U.S. at 7. Other factors include "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citation omitted).

Gulley alleges that Lieutenant Blackstock ordered him placed in in-cell restraints because he refused repeated orders to uncover his window, even when a chemical agent was deployed. The documents attached to the complaint show that Gulley uncovered his window only "eventually." ECF No. 1 at 6.

When considering claims relating to the use of restraints, courts consider the circumstances surrounding use of the restraints, including both the length of time the restraints were applied and the objective sought to be achieved through their use. *See Alston v. Butkiewicus*, 2012 WL 6093887, at *11 (D. Conn. Dec. 7, 2012). Maintaining order and security in a prison is a legitimate penological objective. Thus, the use of restraints that is reasonably related to maintaining prison order and security, without more, does not violate the Eighth

4

Amendment. *See Dolphin v. Manson*, 636 F. Supp. 229, 234 (D. Conn. 1986) (citing *Bell v. Wolfish*, 442 U.S. 520, 540 (1979)); *see also Shehan v. Erfe*, 2017 WL 53691, at *8-9 (D. Conn. Jan. 4, 2017) (noting that Department of Correction Administrative Directive 6.5, section 8(A)(4) permits supervisors to use in-cell restraints to ensure compliance with an order and to maintain prison order, safety, and security). The attached grievance indicates that Gulley was placed in restraints "to prevent further noncompliant acutely disruptive behavior." ECF No. 1 at 7. Because he was no longer defying an order, it is not clear whether the restraints were being used to maintain order or merely for punishment.

I note that "[t]here is consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Shehan*, 2017 WL 53691, at *10 (quoting *Lozada v. City of New York*, 2013 WL 3934998, at *5 (S.D.N.Y. July 29, 2013)) (internal quotation marks and citations omitted); *see also Seiler v. Semple*, 2018 WL 3935033, at *5 (D. Conn. Aug. 16, 2018) (noting that "lack of a continuing injury beyond temporary discomfort is fatal to an excessive force claim") (citation and internal quotation marks omitted). Gulley alleges that, when the restraints were removed, his wrists and ankles were swollen, bruised, and painful, and that he continues to experience pain. Based on the current record, I cannot determine whether Gulley suffered temporary discomfort or a continuing injury. I will permit the claim against defendant Blackstock to proceed for further development of the record.

Gulley's second excessive force claim consists of one conclusory statement, that Captain Lizon supervised officers Caron, Titus and Severance in a use of excessive force. He does not indicate what the officers did or what injuries, if any, he suffered. That conclusory statement is

5

insufficient to state a plausible claim for use of excessive force. I will, however, permit Gulley to file an amended his complaint against Lizon if he can allege facts to state a claim for use of excessive force against defendants Lizon, Caron, Titus, and Severance

    B.    <u>Deliberate Indifference to a Serious Medical Need</u>

Gully alleges that Nurses Durko and Scruggs were deliberately indifferent to his serious medical needs. Deliberate indifference to serious medical needs occurs when an official knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Harrison v. Barkley*, 219 F.3d 132, 137–38 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). To state a claim for deliberate indifference to serious medical needs, Gulley must allege facts showing both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 105 (1976)).

Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, the defendants must have been actually aware of a substantial risk that Gulley would suffer serious harm as a result of their conduct. *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

Because Gulley does not describe his injuries from the use of force by defendants Lizon, Caron, Titus and Severance, I cannot determine whether Nurse Durko failed to treat a serious medical need. Thus, Gulley fails to state a plausible claim against her. The claim against Nurse

Durko is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Because he has been permitted to file an amended complaint that would describe those injuries, Gulley may replead his claim against Nurse Durko in his amended complaint.

Gulley alleges that, when he was released from in-cell restraints, he showed Nurse Scruggs his swollen and bruised wrists and ankles and told her that he was experiencing pain. However, Nurse Scruggs provided no treatment and noted no injuries in her report. Courts have determined that injuries caused by assault or use of excessive force that cause immediate pain and require some treatment but do not have long-lasting effect do not rise to the level of serious medical needs. Those determinations, however, generally have been made at summary judgment and not on initial review or a motion to dismiss. *See Adorno v. Semple*, 2016 WL 7469709, at *4 (D. Conn. Dec. 28, 2016) (citing cases). I will permit the claim against defendant Scruggs to proceed for further development of the record.

    C.    <u>Defendant Prior</u>

Finally, Gulley names DHO Nicole Prior as a defendant. Gully alleges only that he believes that she was pressured into finding him guilty of the disciplinary charge. Due process requires that the decision of a hearing officer be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Gulley alleges no facts suggesting that there was no evidence supporting a finding that he assaulted staff. He merely believes that Defendant Prior did not want to find him guilty. This unsupported assumption is insufficient to support a plausible due process claim. Accordingly, the claim against Defendant Prior is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

The claims against defendants Prior, Lizon, Caron, Titus, Severance, and Durko are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b) for failure to state plausible claims for relief. The case will proceed on the excessive force claim against defendant Blackstock and the deliberate indifference to medical needs claim against defendant Scruggs. Gulley may file an amended complaint reasserting his excessive force claim against defendants Lizon, Caron, Titus, and Severance and his deliberate indifference to medical needs claim against defendant Durko if he can allege facts describing the force used and the resulting injuries.

The Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses for defendants Blackstock and Scruggs with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) T**he Clerk shall** send Gulley a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose

to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Gulley changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Gulley must give notice of a new address even if he is incarcerated. Gully should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Gulley has more than one pending case, he should indicate all the case numbers in the notification of change of address. Gulley should also notify the defendants or the attorney for the defendants of his new address.

(9) Gulley shall utilize the Prisoner Efiling Program when filing documents with the court. Gulley is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

(10) If Gulley intends to file an amended complaint to replead his claims against defendants Lizon, Caron, Titus, Severance, and Durko, he shall do so within **thirty (30) days** from the date of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 10th day of April 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge